IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. SHAWN MARTIN HOLDAWAY

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S0000031     Charles Lee, Judge**

---

**No. M2001-02359-CCA-R3-CD - Filed August 2, 2002**

---

Defendant appeals denial of Community Corrections sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing, III and Michael J. Collins, Assistant Public Defenders, for the appellant, Shawn Martin Holdaway.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William Michael McCown, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant Shawn Holdaway was indicted by a Lincoln County grand jury for theft of various items from Wal-Mart valued at between $1,000 and $10,000. Defendant pled guilty and, subsequent to a sentencing hearing, was sentenced to six years and nine months in confinement. Timely notice of appeal followed. Defendant appeals his sentence only.

The evidence at the sentencing hearing revealed that defendant committed theft because he was getting behind on child support obligations at a time when he was unable to maintain steady employment. Defendant testified that he lived with his ex-wife and two stepchildren when he committed the offenses, and he was trying to support them.

The evidence shows that defendant was previously convicted for aggravated burglary, two thefts over $1,000, and drug possession while incarcerated. All four crimes were felonies. He had

also been convicted of the following misdemeanors: driving on a revoked license, violation of the open container law, two charges of vandalism, driving while intoxicated, and theft up to $500.

The presentence report also shows that when defendant was convicted for driving under the influence, a portion of the sentence was to be served on probation. While on probation, defendant was arrested for aggravated burglary and theft. Shortly thereafter, he was again arrested for drug possession. The evidence reveals that defendant and his wife were at one time divorced. They then reunited, and he was living with her at the time the offenses were committed. It was established that the divorce was entered in Bedford County Chancery Court, but neither defendant nor his ex-wife lived in that county as required and sworn by defendant. The court noted that such an act constituted fraud.

Finally, the evidence shows that defendant was ordered to pay $35.00 weekly towards the attorney fees of his appointed trial counsel in this case and that he deliberately refused to comply with the court's order.

The court sentenced defendant to six years and nine months in confinement and denied defendant's request for alternative sentences.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event the record fails to show such consideration, the review of the sentence is purely *de novo*. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es a] criminal history evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy this presumption. Tenn. Code Ann. § 40-35-102(5), (6). The defendant's potential for rehabilitation,

or lack thereof, should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5).

The presumption for alternative sentencing can be rebutted, and if it is, a trial court may impose a sentence of confinement. When imposing a sentence of total confinement, the trial court should base its decision on the considerations listed in Tennessee Code Annotated section 40-35-103(1):

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Defendant argues that the trial court should have allowed him to serve his sentence on Community Corrections. The Tennessee Community Corrections Act was developed to "punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1). The program is available for

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . .;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(6) Persons who do not demonstrate a pattern of committing violent offenses . . . .

Id. § 40-36-106(a)(1)-(6). Those who are sentenced to incarceration or are on escape at the time of sentencing are not eligible for the program. Id. § 40-36-106(a)(6).

Initially, we note that although defendant is not entitled to the presumption of alternative sentencing because he is a Range II offender, he qualifies for sentencing in the Community Corrections Program due to the non-violent nature of his offenses. However, we note that he is not automatically entitled to this relief. State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The statute simply sets forth minimum standards to guide a trial court when determining if a particular defendant is eligible to be placed on the Community Corrections Program. Tenn. Code Ann. § 40- 36-106(d).

Defendant contends that he is "entitled" to a Community Corrections sentence because (1) he needs to support his child and stepchildren, (2) his previous crimes are "definitely nonviolent in nature," and (3) so he can receive medical treatment for burns on his legs that he received when a chainsaw he was operating exploded.

The record before this Court shows that defendant has been convicted on nine different occasions for crimes including driving on a revoked license, two counts of theft of property over $1,000, possession of drugs, two counts of vandalism up to $500, DUI, and aggravated burglary, as well as a traffic offense. We agree with the State that defendant has an extensive criminal history.

Further, measures less restrictive than confinement have proven fruitless with this defendant. While serving part of his sentence on probation in February of 2000 for theft of property, defendant pled guilty to a violation of the open container law. Defendant also pled guilty to vandalism while awaiting trial on a DUI charge even while serving time in a county jail, which indicates that he has failed to act appropriately while confined. Defendant was arrested for possession of drugs while on suspended sentence for his DUI conviction. He was also convicted of driving on a revoked license. Defendant has demonstrated an unwillingness to comply with measures less restrictive than confinement.

The trial court found defendant to have little potential for rehabilitation. The court noted that defendant willfully failed to pay the court-ordered fees for defendant's court-appointed trial counsel and instead, purchased a new car. The court also noted that defendant and his ex-wife appeared to have perpetrated a fraud upon the Chancery Court of Bedford County in obtaining their divorce by representing that defendant lived in Bedford County when if fact he did not. Lack of candor and credibility are reliable indications of a defendant's potential for rehabilitation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); State v. Dowdy, 894 S.W.2d 301, 305-06 (Tenn. Crim. App. 1994). The trial judge is in the best position to assess a defendant's credibility and potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). We see no need to disturb the trial court's finding.

Finally, the trial court ordered defendant to confinement in order to avoid depreciating the seriousness of the offense. In State v. Hartley, 818 S.W.2d 370 (Tenn. Crim. App. 1991), this Court concluded that an alternative sentence should be denied based upon the circumstances of the offense, only when the nature of the offense is so egregious that it outweighs any favorable factors. We cannot say that theft of property from Wal-Mart qualifies as such an offense. See State v. Harmon, No. E2001-01506-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 439 (Tenn. Crim. App., filed May 14, 2002, at Knoxville). However, in light of the remaining factors pointing in favor of incarceration, application of this factor, though in error, was harmless.

**CONCLUSION**

Accordingly, we affirm the judgment of the trial court.

-4-

_____
JOHN EVERETT WILLIAMS, JUDGE